**William J. Freed** (SB#144829)
**WILLIAM J. FREED, A Professional Corporation**
2772 Roosevelt Street #2562
Carlsbad CA 92018
Tel.: 760-691-0022
Fax: 419-930-1500

In Pro Per

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re<br><br>SAMUEL KELSALL, V<br><br>    Debtor<br><br>WILLIAM J. FREED, APC, aka WILLIAM J. FREED<br><br>    Plaintiff<br><br>vs.<br><br>SAMUEL KELSALL, V<br><br>    Defendant. | **Case No.: 23-01962-MM7**<br><br>**Adversary Proc. No:**<br><br>**ADVERSARY COMPLAINT FOR DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. §727(a)(3) and (a)(4).** |

    William J. Freed, APC (hereinafter "Plaintiff"), allege as follows:

## PARTIES

    1.    Plaintiff, William J. Freed, A Professional Corporation ("FREED CORP") is the real creditor of the Defendant, who has been inaccurately identified therein as William J. Freed (an individual) in the underlying Chapter 7 bankruptcy Petition.

    2.    Defendant Samuel Kelsall V ("Defendant" or "Debtor") is the debtor in the above captioned Chapter 7 bankruptcy case.

## JURISDICTION

3. This adversary proceeding is brought in connection with the underlying Chapter 7 bankruptcy, Case No. 23-01962-MM7, which the Defendant filed on July 4, 2023 under Chapter 7 of the Bankruptcy Code (11 U.S.C. §101, et seq.). This Court has jurisdiction pursuant to 28 U.S.C. §1334 and General Order No. 312-E [entered 11/27/2013] of the United States District Court for the Southern District of California. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I).

## VENUE

4. Venue for this action is proper pursuant to 28 U.S.C. §1409 in that it arises from or relates to the underlying bankruptcy case filed by the Defendant under Chapter 7 of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of California.

## GENERAL ALLEGATIONS

5. William J. Freed, as an individual ("Freed") is inaccurately named as a creditor of the Debtor in the underlying bankruptcy case. The real creditor is William J. Freed's professional law corporation.

6. Plaintiff, FREED CORP, is not specifically named as a creditor of Debtor in the bankruptcy Petition. However, Debtor is attempting to discharge a promissory note executed by a wholly owned corporation of Debtor, Kelsall Legal Solutions, PC, and personally guaranteed by Debtor, in favor of FREED CORP (not William J. Freed, an individual). The Promissory Note which serves as the underlying debt sought to be discharged, is described, but not attached, in Paragraph 72 of Debtor's Cross Complaint filed in San Diego Superior Court Case No. 37-2020-00020986 as being signed on October 1, 2018 by FREED CORP and Kelsall Legal Solutions PC.

7. Creditor FREED CORP attached the Promissory Note between Kelsall Legal Solutions, PC and FREED CORP, as well as the Debtor's Personal Guarantee for payment of the Promissory Note, as Exhibits in FREED CORP'S Cross-Cross Complaint filed in the Superior Court case. The Promissory Note dated October 1, 2018 in the amount of $180,000.00 signed by Samuel Kelsall V, as President of Kelsall Legal Solutions PC is attached hereto as Exhibit "A." The Personal Guaranty dated September 30, 2018, signed by Samuel Kelsall V is attached hereto as Exhibit "B."

8. Defendant Samuel Kelsall V, is the Debtor in the underlying Chapter 7 Bankruptcy,

ADVERSARY COMPLAINT – Kelsall                                           Case No.:  23-01962-MM7

and at all relevant times was a citizen and resident of San Diego County, State of California. At all times mentioned herein, Samuel Kelsall V was a licensed practicing attorney in the State of California, who regularly appeared in both the Civil and Probate Courts, and the Bankruptcy Court in Southern California.

9. Freed's relationship with Debtor began when Debtor approached Freed to purchase his law practice located at 815 Civic Center Drive, Oceanside, California, which was being marketed for sale. The negotiations for the purchase of Freed's practice began sometime in early 2018 and concluded on or about October 26, 2018. The law practice corporation being purchased was known as Walwick & Freed, which was a dba for FREED CORP established in 1993. The law practice primarily consisted of past and present client files of both Freed and Robert Walwick (deceased), relating to their respective practices consisting primarily of estate planning, wills, trusts, trust administrations, probate administrations, guardianships and other files concerning other areas of the law.

10. In addition to Debtor purchasing Freed's corporate law practice, Debtor offered to purchase the building at 815 Civic Center Drive, Oceanside, California 92054 with a newly created "business trust" named 815 Civic Center Drive LTD. The building was owned by Freed as an individual.

11. The transactions for the purchase of the law office building and the law practice were handled independently. The escrow for the purchase of the law practice closed on October 26, 2018, with FREED CORP carrying a $180,000 promissory note.

12. The escrow for the office building purchase closed on October 18, 2018, with Freed carrying a $220,000 promissory note, (later reduced to $200,000.00) and Debtor, individually and also as the President and Managing Trustee of Civic Center Drive LTD, agreeing separately within one year to sell the property to pay the note or personally guarantee the financial obligation.

13. Ultimately, Plaintiff was forced to file suit for breach of the obligations concerning the purchase of 815 Civic Center Drive. During pendency of that action, Debtor and/or his wholly controlled entities, paid $174,188.46, which represented all remaining financial obligations for the sale of the real property at 815 Civic Center Drive, leaving only the Promissory Note for the purchase

ADVERSARY COMPLAINT – Kelsall                                    Case No.:  23-01962-MM7

of the practice remaining to be paid to Plaintiff.

**RELEVANT PROPERTIES**

14. Debtor resides at 7531 Navigator Circle, Carlsbad, California ("7531 Navigator") with his 2 minor children and the mother of those children, Michelle Kaiser.

15. The real property at 7531 Navigator Circle, Carlsbad, California was transferred to Debtor by Samuel Kelsall IV and Edna M. Kelsall (Debtor's parents) on October 17, 2001 and the executed deed was electronically delivered to Debtor on or before August 4, 2004. (Copy of the Deed of Realty Transfer attached hereto as <u>Exhibit</u> "C").

16. Samuel Kelsall V solely owns, operates, manages and controls Kelsall & Associates PC and Kelsall Law PC, which were operating as a law practice at 2921 Roosevelt Street, Carlsbad, California and 25411 Cabot Road #114, Laguna Hills, California, at all times relevant herein.

17. Title ownership of the office at 2921 Roosevelt Street, Carlsbad, California is a business trust named "2921 Roosevelt LTD," in which Debtor was and is the executive trustee, exclusively responsible for managing, controlling and distributing the assets of that entity.

18. At all times mentioned herein, Samuel Kelsall V owns, operates, manages, and controls Kelsall Legal Solutions PC, which operates as a law practice at 815 Civic Center Drive, Oceanside, California.

19. Title ownership to the law office at 815 Civic Center Drive in Oceanside is in a business trust named "815 Civic Center Drive LTD" in which Debtor is the named executive trustee in the Business Trust agreement. Under oath Debtor denies he is the executive trustee. However, Debtor has represented himself as the president and managing trustee in documents surrounding the purchase of the law office building. Based on the irrevocable Trust documentation, Debtor and no one else is exclusively responsible for managing, controlling and distributing the assets of that entity.

20. Plaintiff alleges that all times mentioned herein, 815 Civic Center LTD was the alter ego of Debtor. Debtor dominated and controlled 815 Civic Center Drive LTD and commingled assets with Debtor and corporate entities that Debtor exclusively controls, such that the separate identity of 815 Civic Center Drive LTD no longer exists. Plaintiff further alleges that 815 Civic

- 4 -

1  Center Drive LTD is and at all times was undercapitalized and was formed by Debtor as a business
2  trust for the sole non-business purpose of holding title to the real property at 815 Civic Center
3  Drive, Oceanside, California, to make it unavailable to the creditors of Debtor. 815 Civic Center
4  Drive LTD is so controlled and dominated by Debtor that Debtor and 815 Civic Center Drive LTD
5  function as a single economic unit, and that treating them as separate entities would result in an
6  injustice.

7       21.     Accordingly, it is requested that the business form of 815 Civic Center Drive LTD be
8  disregarded and its assets included in Debtor's Bankruptcy estate and held liable for the debts,
9  obligations and liabilities of Debtor.

10       22.     Plaintiff alleges that all times mentioned herein, 2921 Roosevelt LTD was the alter
11  ego of Debtor. Debtor dominated and controlled 2921 Roosevelt LTD and commingled assets with
12  Debtor and corporate entities that Debtor exclusively controls such that the separate identity of 2921
13  Roosevelt LTD no longer exists. Plaintiff further alleges that 2921 Roosevelt LTD is and at all
14  times was undercapitalized and was formed by Debtor as a business trust for the sole non-business
15  purpose of holding the real property at 2921 Roosevelt Street, Carlsbad, California, to make it
16  unavailable to the creditors of Debtor. 2921 Roosevelt LTD is so controlled and dominated by
17  Debtor that the two function as a single economic unit, and that treating them as separate entities
18  would result in an injustice.

19       23.     Accordingly, it is requested that the business form of 2921 Roosevelt LTD be
20  disregarded and its assets included in Debtor's Bankruptcy estate and held liable for the debts,
21  obligations and liabilities of Debtor.

## FIRST CLAIM FOR RELIEF

### 11 U.S.C. §727(a)(3)

**Concealed or Failed to Keep or Preserve Recorded Information**

25       24.     Plaintiff refers to and incorporates herein each and every allegation contained in
26  paragraphs 1 through 23, inclusive, of this adversary complaint as if set forth herein verbatim.

27       25.     Pursuant to 11 U.S.C. § 727(a)(3), a debtor may be denied a discharge if they have
28  concealed, destroyed, mutilated, or failed to keep or preserve books and records from which their

financial condition and business transactions might be ascertained.

26. Plaintiff alleges that the Defendant Debtor has concealed, destroyed, or failed to maintain books and records that are necessary to determine the Debtor's true financial condition and business transactions during the relevant period.

27. At all times relevant herein, Debtor was practicing law through 3 separate professional corporations. Debtor has testified under oath that income from these corporations serve as the sole source of his personal income. Debtor has further stated under oath that he only maintains one business bank account for Kelsall Legal Solutions PC, and that he transacts all of his other financial business and transactions in cash or with money orders and has little or no substantiating documentation for any of those transactions.

28. As the 100% owner of all three corporate law entities, Debtor has complete discretion to pay no salary to himself, or pay any sum at all, including all of the corporate income he receives from the corporate entities. Debtor has identified on his Schedules an average gross monthly income of $7,226.77 (See Petition Form 122A-1, Part 1, Line 5). Nevertheless, Plaintiff has not produced any recorded information such as books, invoices, records or other financial papers to indicate the precise amount of gross income he receives from the three corporate entities, whether he receives other income or distributions from other sources, and how much of the law practice revenue was diverted and distributed to other areas and unreported in the Bankruptcy Schedules.

29. In addition, Debtor has identified in his Petition that he pays $5,000 (Petition, Form 106, Schedule J, Line 4) in rent on a residence where the legal title has been transferred to him. Debtor has failed to produce any recorded papers or information to substantiate any payment whatsoever, or any lease agreements, stating the rent was paid to his parents in cash at random periodic times and amounts. Debtor stated he had no documentation for any of those alleged payments.

30. Debtor has also concealed and/or failed to keep and/or produce, financial books, papers and records pertaining to rent allegedly paid to 815 Civic Center Drive LTD by Kelsall Legal Solutions PC and/or Kelsall & Associates PC, and/or Kelsall Law PC, and/or Debtor himself.

At all times relevant, Debtor had exclusive control of all financial dealings concerning 815 Civic Center Drive LTD and the 3 corporate law practice entities. Debtor invoked attorney-client privilege when asked about the recipient of the rent allegedly paid, or the trustee(s), shareholders or beneficiaries of the business trust.

31. Debtor has also concealed and/or failed to keep and/or produce, financial books, papers and records pertaining to rent allegedly paid to 2921 Roosevelt LTD by Kelsall Legal Solutions and/or Kelsall & Associates PC, and/or Kelsall Law PC, and/or Debtor himself. At all times relevant, Debtor had exclusive control of all financial dealings concerning 2921 Roosevelt LTD and the 3 corporate law practice entities.

32. As alleged above, Debtor has unjustifiably concealed, destroyed, falsified, or failed to keep or preserve recorded information from which the Debtor's financial condition might be ascertained, or business transactions directly affecting Debtor's financial condition, might be ascertained. Debtor, an attorney for over 30 years who practices and represents clients regularly in Bankruptcy Court, is held to a higher level to be accountable for his record keeping. Debtor has failed to provide records which sufficiently identify transactions to permit inquiry about Debtor's financial status in order to ascertain a complete and accurate picture of Debtor's financial affairs, including that of Debtor's businesses.

33. Pursuant to 11 U.S.C. § 727(a)(3), the Debtor's discharge should be denied because the Debtor has concealed, destroyed, or failed to maintain books and records that are necessary to ascertain the Debtor's true financial condition and business transactions. The Court is requested to deny Debtor's discharge pursuant to 11 U.S.C §727(a)(3).

**SECOND CLAIM FOR RELIEF**

**11 U.S.C. §727(a)(4)**

**Knowing and Fraudulent False Oath or Account**

34. Plaintiff refers to and incorporates herein each and every allegation contained in paragraphs 1 through 33, inclusive, of this adversary complaint as if set forth herein verbatim.

35. Plaintiff alleges that the Debtor has violated 11 U.S.C. § 727(a)(4), which provides that a debtor shall be denied a discharge under Chapter 7 of the Bankruptcy Code if the debtor

knowingly and fraudulently made a false oath or account in connection with the bankruptcy case. Plaintiff contends that Defendant Samuel Kelsall V knowingly and fraudulently made the following false statements, oaths, or accounts which materially related to the bankruptcy proceedings, with the intent to deceive the bankruptcy court, creditors, and the Trustee:

    a.    On Schedule H, Question 1: Debtor denies under oath there are any co-debtors. The debt identified on Schedule E/F for $200,000 claimed by William Freed, is based on a promissory note signed by William J. Freed, as President of FREED CORP and by Samuel Kelsall as President of Kelsall Legal Solutions PC. Kelsall Legal Solutions PC is a co-debtor on the listed debt. Debtor's personal obligation for this debt is based on a signed Personal Guaranty agreement executed by both Debtor in his individual capacity, and as President of Kelsall Legal Solutions. (See the Promissory Note attached hereto as Exhibit "A", and the Personal Guaranty, attached hereto as Exhibit "B").

    b.    On Schedule A/B, Part 1: Debtor denies owning or having any legal or equitable interest in any residence, building, land, or similar property.

Debtor is the title owner to the real property residence at 7531 Navigator Circle, Carlsbad, California, where he has resided since approximately 1997. (Deed of Realty Transfer to Samuel Kelsall V by Samuel Kelsall IV and Edna M. Kelsall on October 17, 2001.

    c.    On Schedule A/B, Part 6, Question 16a: Debtor describes the debts primarily as consumer debts rather than primarily business debts.

The Petition describes $470,090 in debts out of a total of $477,864 that are debts that appear to be expenses incurred for the practice of law and not for a personal, family or household purpose. The debts are primarily business and not personal.

    d.    On Schedule A/B, Part 6, Question 19: Debtor identifies his assets as worth between $500,000 and $1,000,000.

Debtor fails to include the values of the residence at 7531 Navigator Circle, Carlsbad, California, the law office at 815 Civic Center Drive, Oceanside, California and the law office at 2921 Roosevelt Street, Carlsbad, California, which total by themselves an estimated value of over $3.7 million dollars.

e.  On Schedule J, Part 1, Question 3: Debtor states the expenses identified in the Petition do not include anyone other than himself and his dependents.

Debtor lives at 7531 Navigator Circle, Carlsbad, California with Michelle Kaiser, the mother of his children. She is described on the internet as having lived at 7531 Navigator Circle for 13 years. Her personal vehicle is parked at that residence at night and in the morning. An internet search on skip tracing software identifies the Navigator address as her current residence. During Debtor's Chapter 13 filing in 2019, Debtor claimed to be living with his 2 children in his law office building at 2921 Roosevelt Street, Carlsbad, CA. Aware of Debtor's true residence on Navigator Circle, and that she lives with Debtor and functions as his bookkeeper, significant evidence was gathered to establish Debtor's false statements made under oath both on the Petition and Schedules, and during sworn testimony at the 341A meeting of creditors examination. During that process, Michelle Kaiser was observed coming and going into the Navigator residence, unloading groceries, and taking Debtor's children to school and bringing them back from school. It is an intentional falsehood that Michelle Kaiser does not live with her children at the 7531 Navigator Circle property, and Debtor's intentionally false statement to the contrary is intentionally misleading in an attempt to avoid further scrutiny into Ms. Kaiser's financial involvement with Debtor's businesses and her knowledge and participation in paying for expenses and the distribution of business and other income.

36.  Pursuant to 11 USC 727(a)(4), the Plaintiff alleges that the Debtor, in connection with the bankruptcy case referenced above, knowingly and fraudulently made a false oath or account with intent to deceive the court or hinder the administration of the bankruptcy estate. Plaintiff further alleges that the Debtor's false oath or account was material to the bankruptcy proceedings and adversely affected the administration of the estate.

37.  As a result of the Debtor's actions, the Plaintiff seeks relief under 11 USC 727(a)(4) and requests that this Court enter an order denying the Debtor's discharge in bankruptcy.

///

///

ADVERSARY COMPLAINT – Kelsall                                                              Case No.: 23-01962-MM7

WHEREFORE, the Plaintiff, prays for judgment as follows:

1. For a judgment and determination that the business trust known as 815 Civic Center Drive LTD is the alter ego of Debtor Samuel Kelsall V and shall be included in Debtor's Bankruptcy estate;

2. For a judgment and determination that the business trust known as 2921 Roosevelt LTD is the alter ego of Debtor Samuel Kelsall V and shall be included in Debtor's Bankruptcy estate;

3. For a judgment and determination that the Debtor owns a legal or equitable interest in the real property at 7531 Navigator Circle, Carlsbad, California, and such interest shall be included in Debtor's Bankruptcy estate.

4. For a judgment and determination that Debtor has unjustifiably concealed or failed to keep recorded information from which Debtor's financial condition or business transactions might be ascertained as set forth in 11 U.S.C. §727(a)(3);

5. For a judgment and determination that the Debtor knowingly and fraudulently made false oaths or accounts in connection with the bankruptcy case as set forth in 11U.S.C. §727(a)(4);

6. For a judgment that Debtor's Chapter 7 Petition requesting discharge of his debts be denied entirely and that the case be dismissed with prejudice;

7. For attorney's fees and costs incurred herein; and

8. For such other and further relief as this court deems just and proper.

///

Dated:    October 10, 2023                          /s/   William J. Freed

                                                             WILLIAM J. FREED, ESQ.

                                                             Plaintiff for William J. Freed, APC

ADVERSARY COMPLAINT – Kelsall                                                       Case No.: 23-01962-MM7

# EXHIBIT A

# EXHIBIT A

# PROMISSORY NOTE

**$180,000.00**                                                                                      **October 1, 2018**

**815 Civic Center Drive**
**Oceanside, California**

1. **TERMS.** FOR VALUE RECEIVED, and other good and valuable consideration, the undersigned **KELSALL LEGAL SOLUTIONS, PC** ("Borrower"), unconditionally promise to pay and deliver to **WILLIAM J. FREED, a Professional Corporation** ("Payee"), or holder ("Holder"), at 3229 Valley Street, Carlsbad, California, or any other address designated in writing by Payee, the unpaid principal balance of **ONE HUNDRED EIGHTY THOUSAND DOLLARS ($180,000.00)**, together with interest at the rate of Five percent (5.00%) per annum on this promissory note ("Note"), from October 1, 2018 on the unpaid principal, until all said principal and interest amounts are paid in full.

2. **PAYMENT CREDITING.** The principal sum of $180,000.00 with interest at the rate of Five percent (5.00%) per annum shall be paid in equal monthly installments of **$4,000.00** on the first day of each and every month beginning on January 1, 2019, and continuing thereafter monthly until paid in full. The first payment on January 1, 2019, shall be $4,000.00. Thereafter the monthly payment of $4,000.00 is conditioned upon the office of Kelsall Legal Solutions located at 815 Civic Center Drive, Oceanside, California (the "Firm"), having gross receipts of $16,000.00 per month, calculated on an average running gross annual income to date, starting January 1, 2019. If the average monthly gross income is less than $16,000.00, Borrower is only obligated to pay 20% of its average gross income for so long as the monthly average income is less than $16,000.00. It shall be the obligation and condition that the Firm have sufficient attorney(s) and staff to service the clients of the Firm. The gross income shall be determined from existing clients purchased from Payee and new clients acquired by Firm attorneys. No gross income shall be transferred to other legal operations prior to calculation of the rent. All principal and interest shall be payable, by cash or check, in lawful money of the United States of America. All payments shall be first credited to accrued interest which is payable on the balance of the principal, and the remainder, to principal. Interest shall cease when all principal is paid in full.

3. **ACCELERATION AND DEFAULT.** Notwithstanding the foregoing, any unpaid principal amount and any accrued but unpaid interest shall immediately become due and accelerated and payable in full at the earliest of either:

    a. The death of the Borrower, or

    b. The date on which the Law Practice (formerly known as Walwick & Freed) is sold, transferred, or otherwise conveyed; or

    c. The date of any default by Borrower of its obligations pursuant to this Note. A default on this Note, for purposes of this section, shall occur when any payment due under this

**EXHIBIT C**

ORIGINAL

Note has not been received by Holder within 10 days of written notice mailed or delivered to Borrower at the address set forth in Paragraph 7 below.

4. **ATTORNEY'S FEES.** Should the Holder utilize the services of any attorney to assist in the collection of this Note or any amount owing hereunder (whether or not legal proceedings are commenced), or seek legal advice following a default under this Note, or if any judicial or non-judicial action is instituted by Payee or Holder, or by any person regarding this Note, the undersigned agrees to hold Holder harmless and also to pay Holder's attorney's fees and all costs incurred.

5. **SUCCESSORS AND ASSIGNS.** This Note and all of the covenants, promises, and agreements contained in it shall be binding on and inure to the benefit of the respective legal and personal representatives, devisees, heirs, successors, and assigns of the Borrower and the Holder.

6. **MANNER OF NOTIFICATION.** Any notice to Borrower provided for in this Note shall be given by personal delivery or by mailing such notice by first class or certified mail addressed to the Borrower at the property address stated below, or to such other address as Borrower may designate by written notice to the Holder. Any notice to the Holder shall be given by personal delivery or by mailing such notice by first class or certified mail to the Holder at the address stated in the Paragraph 1 of this Note, or at such other address as may have been designated by written notice to Borrower. Mailed notices shall be deemed delivered and received 2 days after deposit indicated by postmark, in accordance with this provision in the United States postal system.

BORROWER:   Kelsall Legal Solutions, PC
Attn: Samuel Kelsall
815 Civic Center Drive
Oceanside, CA 92054

7. **GOVERNING LAW.** This Note shall be construed and enforceable according to the laws of the State of California for all purposes.

8. **SEVERABILITY.** Every provision of this Note is intended to be severable. In the event any term or provision hereof is declared to be illegal or invalid for any reason whatsoever by a court of competent jurisdiction, such illegality or invalidity shall not affect the balance of the terms and provisions, which terms and provisions shall remain binding and enforceable.

BORROWER:
KELSALL LEGAL SOLUTIONS, PC

By: SAMUEL KELSALL V
President

2
**EXHIBIT C**

## LAW PRACTICE PURCHASE PROMISSORY NOTE Dated 10-1-18

| DATE-STATRT | DATE-END | DAYS | PROMISSORY NOTE INTEREST | PROMISSORY NOTE PRINCIPAL | INTEREST | PAYMENT | BALANCE |
|---|---|---|---|---|---|---|---|
| **LAW PRACTICE PROMISSORY NOTE** | | | | | | | |
| 10/1/18 | 12/31/18 | 91 | 5% | $180,000.00 | $2,243.84 | | $182,243.84 |
| 1/1/19 | 1/31/19 | 30 | 5% | $182,243.84 | $748.95 | $4,000.00 | $178,992.78 |
| 2/1/19 | 2/28/19 | 27 | 5% | $178,992.78 | $662.03 | $4,000.00 | $175,654.81 |
| 3/1/19 | 3/31/19 | 30 | 5% | $175,654.81 | $721.87 | $4,000.00 | $172,376.68 |
| 4/1/19 | 4/30/19 | 29 | 5% | $172,376.68 | $684.78 | $4,000.00 | $169,061.46 |
| 5/1/19 | 5/31/19 | 30 | 5% | $169,061.46 | $694.77 | $4,000.00 | $165,756.24 |
| 6/1/19 | 6/30/19 | 29 | 5% | $165,756.24 | $658.48 | $4,000.00 | $162,414.72 |
| 7/1/19 | 7/31/19 | 30 | 5% | $162,414.72 | $667.46 | $4,000.00 | $159,082.18 |
| 8/1/19 | 8/31/19 | 30 | 5% | $159,082.18 | $653.76 | $4,000.00 | $155,735.94 |
| 9/1/19 | 9/30/19 | 29 | 5% | $155,735.94 | $618.68 | $4,000.00 | $152,354.62 |
| 10/1/19 | 10/31/19 | 30 | 5% | $152,354.62 | $626.11 | $4,000.00 | $148,980.73 |
| 11/1/19 | 11/30/19 | 29 | 5% | $148,980.73 | $591.84 | $4,000.00 | $145,572.57 |
| 12/1/19 | 12/31/19 | 30 | 5% | $145,572.57 | $598.24 | $4,000.00 | $142,170.82 |
| | | | | | **$9,572.57** | **$48,000.00** | |
| 1/1/20 | 1/31/20 | 30 | 5% | $145,572.57 | $598.24 | $4,000.00 | $142,170.82 |
| 2/1/20 | 2/29/20 | 28 | 5% | $142,170.82 | $545.31 | $4,000.00 | $138,716.13 |
| 3/1/20 | 3/31/20 | 30 | 5% | $138,716.13 | $570.07 | $4,000.00 | $135,286.20 |
| 4/1/20 | 4/30/20 | 29 | 5% | $135,286.20 | $537.44 | $4,000.00 | $131,823.64 |
| 5/1/20 | 5/31/20 | 30 | 5% | $131,823.64 | $541.74 | $4,000.00 | $128,365.38 |
| 6/1/20 | 6/30/20 | 29 | 5% | $128,365.38 | $509.94 | $4,000.00 | $124,875.32 |
| 7/1/20 | 7/31/20 | 30 | 5% | $124,875.32 | $513.19 | $4,000.00 | $121,388.51 |
| 8/1/20 | 8/31/20 | 30 | 5% | $121,388.51 | $498.86 | $4,000.00 | $117,887.36 |
| 9/1/20 | 9/30/20 | 29 | 5% | $117,887.36 | $468.32 | $4,000.00 | $114,355.68 |
| 10/1/20 | 10/31/20 | 30 | 5% | $114,355.68 | $469.95 | $4,000.00 | $110,825.64 |
| 11/1/20 | 11/30/20 | 29 | 5% | $110,825.64 | $440.27 | $4,000.00 | $107,265.90 |
| 12/1/20 | 12/31/20 | 30 | 5% | $107,265.90 | $440.82 | $4,000.00 | $103,706.72 |
| | | | | | **$6,134.15** | **$48,000.00** | |
| 1/1/21 | 1/31/21 | 30 | 5% | $103,706.72 | $426.19 | $4,000.00 | $100,132.92 |
| 2/1/21 | 2/28/21 | 27 | 5% | $100,132.92 | $370.35 | $4,000.00 | $96,503.27 |

## ATTACHMENT A

## LAW PRACTICE PURCHASE PROMISSORY NOTE Dated 10-1-18

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 3/1/21 | 3/31/21 | 30 | 5% | $96,503.27 | $396.59 | $4,000.00 | $92,899.86 |
| 4/1/21 | 4/30/21 | 29 | 5% | $92,899.86 | $369.05 | $4,000.00 | $89,268.91 |
| 5/1/21 | 5/31/21 | 30 | 5% | $89,268.91 | $366.86 | $4,000.00 | $85,635.77 |
| 6/1/21 | 6/30/21 | 29 | 5% | $85,635.77 | $340.20 | $4,000.00 | $81,975.97 |
| 7/1/21 | 7/31/21 | 30 | 5% | $81,975.97 | $336.89 | $4,000.00 | $78,312.86 |
| 8/1/21 | 8/31/21 | 30 | 5% | $78,312.86 | $321.83 | $4,000.00 | $74,634.69 |
| 9/1/21 | 9/30/21 | 29 | 5% | $74,634.69 | $296.49 | $4,000.00 | $70,931.18 |
| 10/1/21 | 10/31/21 | 30 | 5% | $70,931.18 | $291.50 | $4,000.00 | $67,222.68 |
| 11/1/21 | 11/30/21 | 29 | 5% | $67,222.68 | $267.05 | $4,000.00 | $63,489.73 |
| 12/1/21 | 12/31/21 | 30 | 5% | $63,489.73 | $260.92 | $4,000.00 | $59,750.65 |
| | | | | | **$4,043.92** | **$48,000.00** | |
| | | | | | | | |
| 1/1/21 | 1/31/21 | 30 | 5% | $59,750.65 | $245.55 | $4,000.00 | $55,996.20 |
| 2/1/21 | 2/28/21 | 27 | 5% | $55,996.20 | $207.11 | $4,000.00 | $52,203.31 |
| 3/1/21 | 3/31/21 | 30 | 5% | $52,203.31 | $214.53 | $4,000.00 | $48,417.84 |
| 4/1/21 | 4/30/21 | 29 | 5% | $48,417.84 | $192.34 | $4,000.00 | $44,610.19 |
| 5/1/21 | 5/31/21 | 30 | 5% | $44,610.19 | $183.33 | $4,000.00 | $40,793.52 |
| 6/1/21 | 6/30/21 | 29 | 5% | $40,793.52 | $162.06 | $4,000.00 | $36,955.57 |
| 7/1/21 | 7/31/21 | 30 | 5% | $36,955.57 | $151.87 | $4,000.00 | $33,107.44 |
| 8/1/21 | 8/31/21 | 30 | 5% | $33,107.44 | $136.06 | $4,000.00 | $29,243.50 |
| 9/1/21 | 9/30/21 | 29 | 5% | $29,243.50 | $116.17 | $4,000.00 | $25,359.68 |
| 10/1/21 | 10/31/21 | 30 | 5% | $25,359.68 | $104.22 | $4,000.00 | $21,463.89 |
| 11/1/21 | 11/30/21 | 29 | 5% | $21,463.89 | $85.27 | $4,000.00 | $17,549.16 |
| 12/1/21 | 12/31/21 | 30 | 5% | $17,549.16 | $72.12 | $4,000.00 | $13,621.28 |
| | | | | | **$1,870.63** | **$48,000.00** | |
| | | | | | | | |
| 1/1/22 | 1/31/22 | 30 | 5% | $13,621.28 | $55.98 | $4,000.00 | $9,677.26 |
| 2/1/22 | 2/28/22 | 27 | 5% | $9,677.26 | $35.79 | $4,000.00 | $5,713.05 |
| 3/1/22 | 3/31/22 | 30 | 5% | $5,713.05 | $23.48 | $4,000.00 | $1,736.53 |
| 4/1/22 | 4/30/22 | 29 | 5% | $1,736.53 | $6.90 | $1,743.43 | $0.00 |
| | 5/30/22 | 44711 | | $0.00 | **$122.15** | **$13,743.43** | -$13,621.28 |
| | | | | **TOTALS** | **$21,743.43** | **$205,743.43** | |

## ATTACHMENT A

# EXHIBIT B

# EXHIBIT B

## PERSONAL GUARANTY

I, SAMUEL KELSALL V, a shareholder of KELSALL LEGAL SOLUTIONS, PC, in consideration of KELSALL LEGAL SOLUTIONS PC.'s executing a promissory note in the principal sum of $180,000.00 dated October 1, 2018 by which KELSALL LEGAL SOLUTIONS, PC is obligated to make regular payments for the purchase of the client files and records, and the assets and good will of the Law Practice belonging to WILLIAM J. FREED, personally guarantees to WILLIAM J. FREED all payments, up to and including all principal and interest to be made by KELSALL LEGAL SOLUTIONS, PC under the promissory note. The amount of the payments are set forth in the Promissory Note provided concurrently with the execution of this Guaranty.

I agree to pay on demand any sum that may become due under the terms of the promissory note to WILLIAM J. FREED whenever and if ever KELSALL LEGAL SOLUTIONS, PC fails to make timely payment. I acknowledge that a 30-day delinquent payment could cause the entire remaining principal and interest of the promissory note to become due and payable. It is understood that this guaranty shall be a continuing, irrevocable guaranty and indemnity for any indebtedness of KELSALL LEGAL SOLUTIONS, PC under the promissory note. I agree that any notice provided to KELSALL LEGAL SOLUTIONS, PC as required by the note shall be deemed to have been provided to me personally. I further agree that my personal consent shall be required for any modification of the note and that any waiver or modification in terms will not cancel or alter this guaranty in any way. The other terms, conditions and remedies set forth in the promissory note are incorporated herein by this reference.

Executed on __9/30__, 2018.

_____
SAMUEL KELSALL V

# EXHIBIT C

# EXHIBIT C

08/04/2004 12:12  FAX 6022341997        SAMUEL KELSALL IV                        ⌐02

When recorded, mail to:
Samuel Kelsall IV
Attorney at Law
1118 E. Missouri, Suite B-2
Phoenix, AZ 85014
602-234-1999

## DEED OF REALTY TRANSFER

KNOW ALL MEN BY THESE PRESENTS:

That we, SAMUEL KELSALL IV and EDNA M. KELSALL, the undersigned Transferors, do by these presents, hereby assign, transfer and set over unto SAMUEL KELSALL V, all of our rights, title and interest in and to unto that certain property situated in San Diego County, State of California, and described as follows:

Exempt per A.R.S. § 42-1614(B)(8).

See Exhibit "A."

The Grantors assert title to the aforesaid property pursuant to an instrument of Conveyance dated _____, and recorded in the Official Land Records of San Diego County, State of California, in (Docket) _____.

IN WITNESS WHEREOF, have signed these presents this OCTOBER 17th, 2001.

_____
SAMUEL KELSALL IV, Releasor

_____
EDNA M. KELSALL, Releasor

STATE OF ARIZONA   )
                   ) ss.    ACKNOWLEDGMENT
County of Maricopa )

On this 17th day of OCTOBER, 2001, before, the undersigned Notary Public, personally appeared SAMUEL KELSALL IV and EDNA M. KELSALL, to me known to be the individuals described in and who executed the foregoing instrument, and acknowledged that they executed the same as their free act and deed.

_____
Notary Public



" A "

## Exhibit A

Lot 71 of Carlsbad Tract No. 85-14, Phase I (Batiquitos Lagoon Education Park), in the City of Carlsbad, County of San Diego, State of California, According to Map Thereof No. 11616, Filed in the Office of the County Recorder of San Diego County, September 12, 1986.

08/06/2004 12:12  FAX 6022341997                 SAMUELKELSALL IV