Samuel Kelsall V, Esq. (SBN 141138)
Ryan Sorahan, Esq. (SBN 261042)
KELSALL LEGAL SOLUTIONS PC
815 Civic Center Drive
Oceanside, California
Telephone: (760) 722-4221
Facsimile: (760) 730-5081

Attorneys for Debtor
Samuel Kelsall V

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>SAMUEL KELSALL V,<br><br>    Debtor,<br><br>_____<br><br>WILLIAM J. FREED, APC, aka WILLIAM J. FREED<br><br>    Plaintiff<br><br>vs.<br><br>SAMUEL KELSALL, V<br><br>    Defendant. | Case No.: 23-01962-MM7<br><br>Adversary Proceeding No.: 23-90064-MM<br><br>**ANSWER TO ADVERSARY COMPLAINT FOR DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(3) and (a)(4)** |

Defendant Samuel Kelsall V hereby submits this Answer to Plaintiff Willaim J. Freed, APC's ("Freed") Adversary Complaint for Denial of Discharge Pursuant to 11 U.S.C. § 727(a)(3) and (a)(4) ("the Complaint"). Pursuant to FRBP 7012(b), Defendant does not consent to entry of final orders or judgment by the bankruptcy court.

1 – ANSWER TO ADVERSARY COMPLAINT

23-01962-MM7

Adversary Proceeding No.: 23-90064-MM

## GENERAL DENIAL

Defendant denies each and every allegation in the unverified Complaint and further denies that Plaintiff is entitled to any relief whatsoever.

## PARTIES

1. Defendant denies the allegations set forth in paragraph 1.

2. Defendant admits the allegation set forth in paragraph 2.

## JURISDICTION

3. As to paragraph 3, Defendant admits that he filed a Chapter 7 bankruptcy petition on July 4, 2023. Defendant denies the remaining allegations set forth in paragraph 3 and further denies that Plaintiff is entitled to any relief in this case.

## VENUE

4. Defendant denies the allegations set forth in paragraph 4.

## GENERAL ALLEGATIONS

5. Defendant denies the allegations set forth in paragraph 5.

6. Defendant admits that Plaintiff is making the allegations set forth in paragraph 6 but denies that Defendant is entitled to any relief sought.

7. Defendant admits that he is discharging the personal guaranty attached as Exhibit B to the complaint as set forth in paragraph 7. In all other respects, Defendant denies the allegations and further denies that Defendant is entitled to any relief sought.

8. Defendant admits that he is a citizen and resident of San Diego County. Defendant also admits that he has regularly made court appearances in civil and probate court the allegations set forth in paragraph 8.

9. Defendant admits that he negotiated for the purchase of Walwick & Freed from early 2018 until October 1, 2018. In all other respects, Defendant denies the allegations set forth in paragraph 9.

10. As to paragraph 10, Defendant admits that the building at 815 Civic Center Drive, Oceanside, California 92054 was owned by Freed as an individual. Defendant denies the remaining allegations of paragraph 10.

11. As to paragraph 11, Defendant admits that the purchase of the law practice closed on October 26, 2018 with Freed Corp carrying a $180,000 promissory note. Defendant denies the remaining allegations of paragraph 11.

12. Defendant admits the allegations set forth in paragraph 12.

13. As to paragraph 13, Defendant admits that 815 Civic Center LTD paid Freed $174,188.46, which represented all remaining financial obligations for the sale of the real property at 815 Civic Center Drive. Defendant denies the remaining allegations of paragraph 13.

## RELEVANT PROPERTIES

14. As to paragraph 14, Defendant admits that he resides at 7531 Navigator Circle, Carlsbad, California with his two minor children. Defendant denies the remaining allegations of paragraph 14.

15. Defendant denies the allegations set forth in paragraph 15.

16. Defendant admits that, in the past, he has owned and operated Kelsall & Associates PC and Kelsall Law PC. Defendant further admits that, in the past, those entities have operated as a law practice at 2921 Roosevelt Street, Carlsbad, California and 25411 Cabot Road #114, Laguna Hills, California. Defendant denies the remaining allegations of paragraph 16.

17. As to paragraph 17, Defendant admits that ownership of the office located at 2921 Roosevelt Street, Carlsbad, California is in a business trust named 2921 Roosevelt LTD. Defendant also admits that, at one point several years ago, he was the executive trustee of that business trust. Defendant denies that he is currently the executive trustee of 2921 Roosevelt LTD and further denies that he has any control over that entity.

18. Defendant admits the allegations set forth in paragraph 18.

19. As to paragraph 19, Defendant admits that title ownership to the law office located at 815 Civic Center Drive in Oceanside is in a business trust named 815 Civic Center Drive LTD. Defendant also admits that, at one point in the past, he was the executive trustee of that business trust. Defendant

3 – ANSWER TO ADVERSARY COMPLAINT

23-01962-MM7

Adversary Proceeding No.: 23-90064-MM

denies that he is currently the executive trustee of 815 Civic Center Drive LTD and further denies that he has any control over that entity.

20. Defendant denies the allegations set forth in paragraph 20.

21. Defendant denies that it would be proper for this Court to grant the request set forth in paragraph 21.

22. Defendant denies the allegations set forth in paragraph 22.

23. Defendant denies that it would be proper for this Court to grant the request set forth in paragraph 23.

## FIRST CLAIM FOR RELIEF

### 11 U.S.C. § 727(a)(3)

**Concealed or Failed to Keep or Preserve Recorded Information**

24. Defendant incorporates his responses to all of the preceding paragraphs of the Complaint as if fully re-alleged herein.

25. As to paragraph 25, Defendant denies that there is any legal or factual basis for the relief requested pursuant to 11 U.S.C. § 727(a)(3) and further denies that Plaintiff is entitled to any relief in this case.

26. Defendant denies the allegations set forth in paragraph 26.

27. As to paragraph 27, Defendant admits that he has practiced law through three separate professional corporations in the past but denies that he does so currently and that he has done so "at all relevant times." Defendant admits the remaining allegations of paragraph 27.

28. As to paragraph 28, Defendant admits that his Schedules state an average gross monthly income of $7,226.77. Defendant denies the remaining allegations of paragraph 28.

29. As to paragraph 29, Defendant admits that his Petition states that he pays $5,000 in rent on a residence. Defendant denies that legal or equitable title to that residence has been transferred to him and denies the remaining allegations of paragraph 29.

4 – ANSWER TO ADVERSARY COMPLAINT

23-01962-MM7

Adversary Proceeding No.: 23-90064-MM

30. As to paragraph 30, Defendant admits that he invoked the attorney-client privilege when asked about the recipient of the rent paid, or the trustee(s), shareholders or beneficiaries of the business trust. Defendant denies the remaining allegations in paragraph 30.

31. Defendant denies the allegations set for in paragraph 31.

32. Defendant admits that he has been an attorney for over 30 years and practices and represents clients in Bankruptcy Court. Defendant denies the remaining allegations in paragraph 32.

33. Defendant denies the allegations set forth in paragraph 33 and denies that it would be proper for this Court to grant the request set forth in paragraph 33.

## SECOND CLAIM FOR RELIEF

### 11 U.S.C. § 727(a)(4)

### Knowing and Fraudulent False Oath or Account

34. Defendant incorporates his responses to all of the preceding paragraphs of the Complaint as if fully re-alleged herein.

35. Defendant denies the allegations set forth in paragraph 35. Defendant denies that he has violated 11 U.S.C. § 727(a)(4) and further denies that he knowingly or fraudulently made any false statements, oaths, or accounts which materially related to the bankruptcy proceedings with the intent to deceive the bankruptcy court, creditors, and the Trustee.

36. Defendant denies the allegations set forth in paragraph 36.

37. As to paragraph 37, Defendant denies that there is any legal or factual basis for the relief requested under 11 U.S.C. § 727(a)(4) and further denies that Plaintiff is entitled to any relief.

Response to Prayer for Relief: Defendant admits that Plaintiff is seeking the relief set forth in the Complaint but denies that there is any legal or factual basis for granting the relief requested and further denies that Plaintiff is entitled to any relief in this case.

Each and every remaining allegation set forth in the Complaint not expressly admitted herein is denied.

## AFFIRMATIVE DEFENSES

In asserting the following defenses, Defendant does not admit that the burden of proving the allegations or denials contained in the defenses is upon Defendant. To the contrary, the burden of proving the facts relevant to many of the defenses and the burden of proving the inverse of the allegations contained in the defenses is upon the Plaintiff. Moreover, in asserting any defenses or any other matter, Defendant does not admit any liability. Rather, Defendant specifically denies the allegations in the Complaint as set forth herein. Without admitting liability as to any of the Plaintiff's causes of action, Defendant asserts the following affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

1. The Complaint and each and every cause of action therein, fails to state facts sufficient to constitute a cause of action against this answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

(Lack of Standing)

2. Plaintiff, as a contingent creditor in this case, lacks standing to enforce the provisions of 11 U.S.C. § 727(a)(3) and (a)(4) and has improperly tried to usurp the role of the Chapter 7 Trustee.

### THIRD AFFIRMATIVE DEFENSE

(Failure to Include Statement of Consent or Nonconsent to Bankruptcy Court's Entry of Order)

3. The Complaint does not contain the required statement that the pleader does or does not consent to entry of final orders or judgment by the bankruptcy court in violation of FRBP 7008 and the Southern District of California local bankruptcy rule 7008-1, and the Complaint is therefore void.

### FOURTH AFFIRMATIVE DEFENSE

(Justification)

4. To the extent that Defendant concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information from which his financial condition or business transactions might be ascertained, which he did not, such act(s) or failure to act was justified under all of the circumstances of the case.

6 – ANSWER TO ADVERSARY COMPLAINT

23-01962-MM7

Adversary Proceeding No.: 23-90064-MM

## FIFTH AFFIRMATIVE DEFENSE

(Waiver)

5. Plaintiff through its actions and omissions in connection with the Defendant and each and every cause of action alleged the Complaint has waived its right(s), claims, or causes of action, if any, against this answering Defendant.

## SIXTH AFFIRMATIVE DEFENSE

(Consent)

6. Plaintiff is barred from recovery on each cause of action alleged in the Complaint in that at all times and places alleged therein, any and all acts of this answering Defendant relative to the subject matter of the Complaint were expressly and/or impliedly consented to by Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

(Mitigation)

7. This answering Defendant is informed and believes and thereon alleges that Plaintiff has failed to mitigate its damages.

## EIGHTH AFFIRMATIVE DEFENSE

(Lack of Notice)

8. The Complaint, and each and every cause of action therein, is barred by lack of notice.

## NINTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

9. The Complaint, and each and every cause of action therein, is barred by the statute of limitations.

## TENTH AFFIRMATIVE DEFENSE

(Latches)

10. The Complaint, and each and every cause of action therein, is barred by latches. Plaintiff has inexcusably and unreasonably delayed the commencement of the action, to the prejudice of the Defendant, in that Plaintiff has significantly delayed bringing its action until the transactions complained

of have become obscured by time and the evidence has been lost, and thus no correct account can be rendered and any conclusion to which the court can arrive must, at best, be conjectural.

### ELEVENTH AFFIRMATIVE DEFENSE

(No Proximate Cause)

11. Plaintiff is barred from recovery on the Complaint and each cause of action alleged therein, because if Plaintiff suffered any loss, damage or injury, which this answering Defendant denies, said loss, damage or injury was proximately caused by the Plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

(Unclean Hands)

12. The Complaint, and each and every cause of action therein, is barred because the Plaintiff comes to court with unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Estoppel)

13. The Complaint, and each and every cause of action therein, is barred by estoppel. Plaintiff, by and through its conduct is estopped from asserting its claim(s) as set forth in the Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Negligence)

14. The Complaint, and each and every cause of action therein, is subject to Defendant's claim of negligence. If Defendant proximately caused Plaintiff to sustain damages, which Defendant denies Plaintiff's damages resulted because of Plaintiff's negligent failure to make a reasonable inquiry and failure to exercise prudent care for their own respective rights and interests. To the extent that Plaintiff failed to make a reasonable inquiry and act prudently, any damages that this Court awards to Plaintiff should be reduced by Plaintiff's comparative fault.

### FIFTEENTH AFFIRMATIVE DEFENSE

(No Consideration)

15. This answering Defendant is informed and believes and thereon alleges that all contractual claims of Plaintiff are void for lack of consideration.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Overreaching)

16. This answering Defendant is informed and believes and thereon alleges that all contractual claims of Plaintiff are void because of overreaching by Plaintiff, in the underlying contract.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Lack of Definite Terms)

17. This answering Defendant is informed and believes and thereon alleges that all contractual claims of Plaintiff are not enforceable for lack of definiteness of terms of any relationship or contract that might be found to exist between plaintiff and defendant.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(No Performance of Conditions Precedent)

18. This answering Defendant is informed and believes and thereon alleges that all contractual claims of Plaintiff are barred because Plaintiff has failed to perform under the contract(s), Plaintiff's failure to perform includes but is not limited to failure to perform certain conditions precedent.

### NINETEENTH AFFIRMATIVE DEFENSE

(Assumption of the Risk)

19. This answering Defendant is informed and believes and thereon alleges that all claims of Plaintiff are barred because Plaintiff is responsible for any injuries that he/she/it has suffered in that it knowingly assumed the risk of the undertakings as set forth in the Plaintiff.

### TWENTIETH AFFIRMATIVE DEFENSE

(Set-Off)

20. This answering Defendant is informed and believes and thereon alleges that all claims of Plaintiff are barred because Defendant is owed a greater amount by Plaintiff than the amount, if any, owed by Defendant to Plaintiff.

9 – ANSWER TO ADVERSARY COMPLAINT

23-01962-MM7

Adversary Proceeding No.: 23-90064-MM

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Performance and Rejection)

21. This answering Defendant is informed and believes and thereon alleges that all claims of Plaintiff are barred because Defendant has previously, on more than one occasion, as acknowledged by Plaintiff, tendered payment and Plaintiff has rejected Defendant's tender thereby extinguishing any obligation of Defendant.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Statute of Frauds)

22. This answering Defendant is informed and believes and thereon alleges that all claims of Plaintiff is barred by the Statute of Frauds.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(In Pari Delicto)

23. The Complaint, and each and every cause of action therein, is barred by the equitable doctrine of In Pari Delicto.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(No Contract)

24. No contract, oral or written exists or has been contemplated between Plaintiff and Defendant. Any and all claims, which Plaintiff might reasonably assert, are attributable to other Defendants.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Other Defendants or Unknown Parties Are Responsible)

25. Defendant is informed and believes and thereon alleges that the damages, if any, suffered by Plaintiff, are the liability in part or in whole of other Defendant or other third parties, and unknown parties and therefore, Defendant's liability if any should be apportioned based upon the liability, if any, of the other Defendant(s) and unknown parties.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Modification)

26. If any contractual relationship exists between Plaintiff and Defendant, Plaintiff materially modified, altered, and changed, the terms of the agreement, which Plaintiff has alleged. Plaintiff's modification, alteration, and change of the original agreement was intentional and without the consent or knowledge of this answering Defendant. By reason of such modification, alteration, and change all of Defendant's obligations, if any, under the originally alleged contract have been extinguished.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Privilege)

27. Plaintiff is barred from recovery on the Complaint and each cause of action alleged therein since the conduct of this answering Defendant was justified or privileged.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Vagueness)

28. The Complaint is vague, uncertain, and unintelligible with regards to this answering Defendant.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

(Rescission)

29. Any and all contracts to which Plaintiff and Defendant were parties, if any, were mutually rescinded, thereby precluding any breaches thereof.

## THIRTIETH AFFIRMATIVE DEFENSE

(Obligations Fully Performed)

30. Defendant alleges that it has fully performed all obligations sued on and, accordingly, the obligations are extinguished.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

(Fraud)

31. This Answering Defendant alleges that Plaintiff is pursuing a fraudulent claim.

11 – ANSWER TO ADVERSARY COMPLAINT

23-01962-MM7

Adversary Proceeding No.: 23-90064-MM

### THIRTY-SECOND AFFIRMATIVE DEFENSE

(Failure to Disclose Material Facts)

32. Plaintiff is barred from recovery on the Complaint and each cause of action alleged therein because Plaintiff intentionally did not disclose material facts to Defendant for the purpose of inducing Defendant to enter a contract.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

(Ethical and Professional Violations)

33. Plaintiff is barred from recovery on the Complaint and each cause of action alleged therein because Freed and his agents and or representatives engaged in numerous ethical and professionally violations during the course of their estate planning seminars, as alleged with particularity in the First Amended Cross Complaint.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

(Fraud in the Inducement)

34. Plaintiff is barred from recovery on the Complaint and each cause of action alleged therein because Defendant was induced to enter into the Contract and Promissory Note by false and fraudulent representations, which were made knowingly and intentionally by Plaintiff.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

(Reservation of Defenses)

35. This Answering Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have latent additional affirmative defenses. This Answering Defendant hereby reserves the right to assert additional affirmative defenses should discovery indicate such assertion would be appropriate.

//

//

//

//

WHEREFORE, Defendant prays for Judgment as follows:

1. That Plaintiff take nothing by reason of its Complaint;

2. That Defendant be awarded its costs of suit, expenses, and disbursements, including any attorney's fees; and

3. For such other and further relief as this Court deems just and proper.

DATED: November 9, 2023

**KELSALL LEGAL SOLUTIONS PC**

By: /s/ Ryan Sorahan
Ryan Sorahan, Esq.
*Attorney for Defendant*

13 – ANSWER TO ADVERSARY COMPLAINT

23-01962-MM7

Adversary Proceeding No.: 23-90064-MM